# In the United States Court of Federal Claims

| | |
|---|---|
| ROD SERP,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 26-1146<br>(Filed: October 30, 2026) |

*Rod Serp*, *pro se*, Los Angeles, California.

*Douglas Glenn Edelschick*, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**LERNER,** *Judge*.

Plaintiff Rod Serp, appearing pro se, filed a complaint in this Court on August 6, 2026. Compl., ECF No. 1. He alleges that from 2010–2017, he provided services to Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS") as an undercover informant. Compl. at 1–2. Plaintiff claims federal agents promised to pay him but he "was not reimbursed for his services." *Id.* at 1. Liberally construed, Plaintiff argues that by failing to pay him, the Government breached an alleged contract. *Id.* at 1–2. Plaintiff asks for $35,714.28 plus "any other relief the Court deems just." *Id.* at 3. Plaintiff only seeks payment for services allegedly rendered between 2010–2011. *Id.* at 2.

Before the Court is Defendant's Motion to Dismiss, ECF No. 10, Plaintiff's Motion for Leave to File Complaint Under Seal, ECF No. 3, and Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 2. The Government moves to dismiss the Complaint as time-barred and, alternatively, on the grounds that Plaintiff fails to identify a contract or any contract provision that has been breached. Mot. to Dismiss at 2–4.

Because Plaintiff's Complaint is untimely, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. In addition, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED** and his Motion to Seal is **DENIED.**

## I. Background

In 2024, Plaintiff filed a separate case in this Court with essentially the same allegations, arguing that the Government failed to pay him for his work as an undercover informant. *See Serp v. United States*, No. 24-719 (Fed. Cl. Aug. 9, 2024). This Court held that Plaintiff did not plead a valid contract with the government and therefore failed to establish subject matter jurisdiction. *Id.* Accordingly, it granted the Government's motion to dismiss for lack of jurisdiction. *Id.*

On August 6, 2026, Plaintiff filed this Complaint, raising claims deriving from the same alleged breach of contract. Compl. at 1–2. On October 5, 2026, the Government moved to dismiss Plaintiff's claims for lack of jurisdiction pursuant to Rule 12(b)(1). Mot. to Dismiss at 2–3. The Government contends that Plaintiff's claims accrued at the latest in 2018, and he did not file his claim until 2026, nearly a year and a half after the statute of limitations had run. *Id.* Accordingly, the Government argues that Plaintiff's claims are time-barred. *Id.*

Plaintiff responds that because he filed a complaint with DHS and another case in this Court about the alleged contract dispute, the statute of limitations was tolled. Resp. at 1.

## II. Discussion

If the Court lacks jurisdiction over a claim, the claim must be dismissed. *See* R. Ct. Fed. Cl. 12(h)(3). "In determining jurisdiction [when evaluating a Rule 12(b)(1) motion], a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Although courts must liberally construe pro se plaintiffs' filings, plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). But the Tucker Act's statute of limitations only permits the Court to exercise jurisdiction over claims filed within six years of when the claim accrues. *Id.* § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). This Court's statute of limitations is jurisdictional and thus is not susceptible to equitable tolling. *See John R. Sand & Gravel Co.*, 552 U.S. 130, 134 (2008).

"A cause of action against the government first accrues, and the statute of limitations begins running, when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Chemehuevi Indian Tribe v. United States*, 104 F.4th 1314, 1325 (Fed. Cir. 2024) (citation modified) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)). Liability is fixed when

governmental action results in harm to a plaintiff that provides a basis for bringing suit. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) ("A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit.").

When faced with a motion to dismiss based on the statute of limitations, a plaintiff must demonstrate "jurisdictional timeliness." *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998). "Because plaintiff bears the burden of proof by a preponderance of the evidence, it must offer relevant, competent evidence to show that it filed suit within six years of the accrual of its claims." *Osage Nation v. United States*, 57 Fed. Cl. 392, 396 (2003).

Plaintiff has not met this burden. Plaintiff seeks damages for work allegedly performed from 2010 to 2011. Compl. at 2. Accepting as true the allegation that the government failed to pay Plaintiff for his informant work in 2011, Plaintiff knew or should have known that the government allegedly breached its contract by failing to pay him in 2011. The six-year statute of limitations was triggered when this harm to Plaintiff provided him a basis for bringing suit. *See Martinez*, 333 F.3d at 1303. Thus, the statute of limitations ran in 2017, and Plaintiff's claims are untimely.

Even if Plaintiff's claims did not accrue until he allegedly stopped working with ICE in 2017, they still fall outside the six-year statute of limitations.[1] In either case, waiting until 2026 to file a complaint puts Plaintiff's claims outside the six-year statute of limitations and therefore outside this Court's jurisdiction. Accordingly, Plaintiff's Complaint must be dismissed as time-barred.

In response, Plaintiff alleges that his claims were timely filed because he previously submitted an administrative claim to DHS in 2023 and filed a suit in this Court in 2024. Resp. at 1, ECF No. 11. These prior claims, however, do not bring Plaintiff's claims within the statute of limitations because the statute of limitations is not tolled by pursuing administrative remedies. *See Martinez*, 333 F.3d at 1312 ("It is well settled that the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his right to seek permissive administrative review of his claim."). Nor was it tolled when he filed a case with this Court in 2024. *See Graves v. Principi*, 294 F.3d 1350, 1356–57 (Fed. Cir. 2002) ("The dismissal of an action without prejudice leaves the parties as though the action had never been brought.").

## III. Conclusion

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. ECF No. 2. Plaintiff's Motion for Leave to File his Complaint Under Seal is **DENIED**. ECF No. 3. Because the Court of Federal Claims lacks jurisdiction over claims filed outside the six-year statute of

---

[1] The Government states that Mr. Serp's claims accrued at the latest in 2018. Mot. to Dismiss at 3. The Government seems to have come to this date by adding the "seven years" Mr. Serp references working for ICE/DHS to 2011, when the claims at issue in this case ended. However, Mr. Serp explains that he worked with ICE/DHS for seven years, beginning in 2010. Accordingly, it appears that Mr. Serp's alleged work with DHS ended in 2017. Regardless, even if the claims did accrue in 2018, they would still be untimely.

limitations, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's case is **DISMISSED** without prejudice. ECF No. 10. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge